**UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA



FILED FEB - 7 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>COREY O'NEAL PHIPPS, JR.,<br><br>Defendant. | Criminal No. 1:20-mj-54 |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Nobi Thomas, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since September of 2018. I am currently assigned to the ATF Washington Field Division's Group II. My assignments include investigating individuals who are involved in the illegal possession and transfer of firearms, violent crimes involving firearms, and firearms trafficking. I previously served as a police officer with the Chesterfield County Police Department in Virginia for four years.

2. In 2013, I received a Bachelor's degree in Criminal Justice from the State University of New York at Buffalo in Buffalo, New York. I am also a graduate of the ATF Special Agent Basic Training program, which is conducted by the Federal Law Enforcement Training Center at Glynco, Georgia.

3. I submit this affidavit in support of a criminal complaint charging that, on or about August 6, 2018, in the Eastern District of Virginia, the defendant, COREY O'NEAL PHIPPS, JR. ("PHIPPS"), knowingly made a false statement and representation to Dance's Sporting Goods, a licensed dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to

information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Dance's Sporting Goods, in that the defendant represented on the Federal Firearms Transaction Record, Form 4473, that the defendant was the actual buyer of the firearm, when in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

4. The facts in this affidavit are based on my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. All observations referenced in this affidavit that I did not personally make were relayed to me by the person(s) who made such observations or in reports that detailed the events described by those person(s). This affidavit contains information necessary to establish probable cause, and it does not include all of the information known to me or the government.

**PROBABLE CAUSE**

A. <u>Firearm Recovery and Identification of PHIPPS</u>

5. On August 15, 2018, officers of the Washington D.C. Metropolitan Police Department recovered a Glock, model 30S, .45 caliber pistol, bearing serial number BELT114 (hereinafter, the "Glock 30S 1"), pursuant to a search warrant in another investigation. Law enforcement subsequently conducted a check of the Glock 30S 1 through E-Trace, a gun tracing database. On October 2, 2018, I reviewed a Firearm Trace Summary indicating that PHIPPS purchased the Glock 30S 1 on or about August 6, 2018, from Dance's Sporting Goods located in Colonial Heights, Virginia, within the Eastern District of Virginia.

B. <u>PHIPPS' Firearms Purchases</u>

6. Subsequently, I conducted a law enforcement database check and confirmed that PHIPPS had a background check conducted at Dance's Sporting Goods, which is a federal firearms licensee ("FFL"). Based on my training and experience, I know that individuals are required to

submit to a background check prior to the purchase of a firearm from an FFL. In this case, PHIPPS had a background check conducted on or about August 6, 2018.

7. The ATF maintains records of a "multiple sale." A multiple sale is when an FFL sells an individual more than one semi-automatic pistol capable of accepting a detachable magazine during any five (5) consecutive business days. Based on ATF multiple sale records, I determined that on or about August 6, 2018, PHIPPS purchased three firearms at Dance's Sporting Goods, specifically (i) the Glock 30S 1, identified in Paragraph 5, (ii) a Glock, model 30S, .45 caliber pistol, bearing serial number BFTL197 (hereinafter, the "Glock 30S 2"), and (iii) a Smith & Wesson, SD40VE, .40 caliber pistol, bearing serial number HFY9005 (hereinafter, the "Smith & Wesson SD40VE").

8. On October 29, 2018, I received, from Dance's Sporting Goods, copies of purchase records of PHIPPS' purchase of three firearms on or about August 6, 2018. Dance's Sporting Goods provided a copy of the receipt and a copy of the ATF Form 4473 related to the purchase of these firearms. Dance's Sporting Goods also provided a copy of PHIPPS' Virginia driver's license, which PHIPPS presented at the time of the purchase. According to the August 6, 2018 receipt:

    a. PHIPPS purchased the Glock 30S 1 for $599.99;

    b. PHIPPS purchased the Glock 30S 2 for $599.99;

    c. PHIPPS purchased the Smith & Wesson SD40VE for $279.99;

    d. PHIPPS purchased a 26-round magazine for a Glock 30S for $14.99; and

    e. PHIPPS purchased a 25-round magazine for a Smith & Wesson SD40VE for $29.99.

### C. Interview of PHIPPS

9. On December 2, 2019, PHIPPS consented to an interview, which took place at his place of residence in Skippers, Virginia. ATF Special Agent Bernard Mensah and I interviewed PHIPPS. Prior to the interview, Special Agent Mensah and I identified ourselves as ATF agents, and PHIPPS agreed to speak to us regarding his firearms purchases.

10. At the beginning of the interview, PHIPPS made a series of false statements regarding the firearms. Specifically, PHIPPS claimed that certain of his firearms were stolen. When PHIPPS was challenged about the veracity of these statements, PHIPPS admitted that these statements were untrue.

11. PHIPPS admitted that he actually purchased the firearms for another individual, (known to law enforcement but identified herein by his initials "C.T."). PHIPPS stated that C.T. asked him to purchase firearms for C.T., and that C.T. provided PHIPPS with the money to make the purchases. PHIPPS stated that C.T. drove him to Dance's Sporting Goods, and, after purchasing the firearms, PHIPPS delivered the firearms immediately to C.T. At the time of the transaction, C.T. was joined by another individual, who PHIPPS believes lived in Washington, D.C. PHIPPS claimed that all the firearms were given to C.T. immediately after the purchase, but that C.T. may have ultimately given the firearms to C.T.'s associate, who accompanied them to Dance's Sporting Goods.

12. PHIPPS stated that, in addition to paying for the firearms, C.T. promised to pay PHIPPS $100 or $150 as compensation for his straw purchase of the firearms. PHIPPS stated that, in actuality, C.T. paid PHIPPS $130 for purchasing the three guns.

13. PHIPPS stated that he believed C.T. asked PHIPPS to purchase the firearms— rather than C.T. purchasing them himself— because C.T. was "trying to get something right with his court stuff."

D. <u>ATF Form 4473s</u>

14. To complete the three firearms purchases discussed above, PHIPPS was required to complete an ATF Form 4473, also known as a "Firearms Transaction Record," at Dance's Sporting Goods. PHIPPS completed and signed this form on August 6, 2018.

15. On the ATF Form 4473, Question 11(a) states, in part: "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**" PHIPPS checked "Yes" in response to this question. In this case, as he admitted in the interview, PHIPPS purchased the firearms for C.T. and C.T. paid for the firearms. Thus, PHIPPS was not the actual buyer and his affirmative response was a false statement.

16. On the ATF Form 4473, the buyer must sign his or her name directly below the following certification: "I certify that my answers in Section A are true, correct, and complete.... I understand that answering 'yes' to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law...." PHIPPS signed his name directly below this statement.

17. At the December 2, 2019 interview, PHIPPS was asked to review the ATF Form 4473 connected with his August 6, 2018 firearms purchases. PHIPPS confirmed that he had completed the form when purchasing the firearms.

18. Through my training and experience, I am aware that federal law prohibits FFLs from selling a firearm to a non-licensee purchaser "unless the [FFL] records the transaction on a firearms transaction record, Form 4473." 27 C.F.R. § 478.124(a). I am further aware that the law requires FFLs to retain "as a part of the required records, each Form 4473 obtained in the course of transferring custody of the firearms." *Id.* Accordingly, any false statement a purchaser makes on an ATF Form 4473 pertains to information an FFL is required by law to maintain.

19. I have confirmed, through ATF databases, that Dance's Sporting Goods is a registered FFL.

20. Based on my training and experience, I know that the firearms discussed in this affidavit, and particularly in Paragraph 7, constitute firearms, pursuant to Title 18, United States Code, Section 921(a)(3), and were not manufactured in the Commonwealth of Virginia. Therefore, the firearms traveled in, and/or affected interstate commerce.

## CONCLUSION

21. Based on the information contained in this affidavit, I submit that there is probable cause to believe that, on or about August 6, 2018, in the Eastern District of Virginia, the defendant, PHIPPS, knowingly made a false statement and representation to Dance's Sporting Goods, a licensed dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Dance's Sporting Goods, in that the defendant represented on the Federal Firearms

Transaction Record, Form 4473, that the defendant was the actual buyer of the firearm, when in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

_____
Nobi Thomas
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed to before me this 7th day of February, 2020.

_____/s/_____
Ivan D. Davis
United States Magistrate Judge

7